UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GABRIEL TELLES and MIGUEL ANGEL LOPEZ SANTIAGO,<br><br>    Plaintiffs,<br><br>v.<br><br>SU JUAN LI d/b/a MA's RESTAURANT; LAVENDER INVESTMENT, INC. d/b/a MA'S RESTAURANT; YURONG LIANG d/b/a MA'S RESTAURANT; GOLDEN CREEK INVESTMENT, INC.; MA'S RESTAURANT,<br><br>    Defendants. | Case No.: 11-CV-01470-LHK<br><br>ORDER DENYING PLAINTIFFS' MOTIONS FOR DEFAULT JUDGMENT WITHOUT PREJUDICE |

Plaintiffs Gabriel Telles and Miguel Angel Lopez Santiago (collectively, "Plaintiffs") bring this action against Defendants Su Juan Li d/b/a Ma's Restaurant; Lavendar Investment, Inc. d/b/a Maf's Restaurant; Yurong Liang d/b/a Ma's Restaurant; Golden Creek Investment, Inc.; and Ma's Restaurant (collectively, "Defendants") seeking damages arising from Defendants' failure to pay overtime as required by the Fair Labor Standards Act and the California Labor Code. Plaintiffs allege that Defendants failed to compensate Plaintiffs, who are Defendants' former employees, for overtime wages and failed to provide adequate pay statements.

Plaintiff Telles filed this action on March 25, 2011, against Defendants Su Juan Li and Lavender Investment, Inc. d/b/a Ma's Restaurant. ECF No. 1. On August 12, 2011, Plaintiff Telles amended the complaint to add Plaintiff Miguel Angel Lopez Santiago and Defendants

Yurong Liang; Golden Creek Investment, Inc.; and Ma's Restaurant. At Plaintiffs' request, default was entered on December 9, 2011, against Defendants Su Juan Li d/b/a Ma's Restaurant; Lavendar Investment, Inc. d/b/a Ma's Restaurant; Yurong Liang d/b/a Ma's Restaurant; and Golden Creek Investment, Inc. Default was not requested or entered against Ma's Restaurant.

On May 23, 2012, Plaintiffs filed a Notice of Motion for Default Judgment and Memorandum of Points and Authorities in Support Thereof against all Defendants ("Plaintiffs' 2012 Motion"). ECF No. 34. This Motion was originally before the Honorable Howard R. Lloyd, and was subsequently transferred to the undersigned judge on May 30, 2012. On February 27, 2013, Defendants filed another Motion for Default Judgment against all Defendants ("Plaintiffs' 2013 Motion"). ECF No. 38. Pursuant to Civil Local Rule 7-1(b), the Court finds Plaintiffs' 2012 Motion and Plaintiffs' 2013 Motion (collectively, "Plaintiffs' Motions") appropriate for determination without oral argument.

First, although Ma's Restaurant is listed in the case caption as a distinct Defendant, no entry of default has been requested or entered against it. As a result, Plaintiffs' Motions against Ma's Restaurant are DENIED without prejudice. Default must be requested and entered against Ma's Restaurant before Plaintiffs may file another motion for default judgment against Ma's Restaurant.

Plaintiffs' Motions against the other Defendants are DENIED with leave to amend for the following reasons. First, Plaintiffs' 2013 Motion is erroneously captioned "C08-05755." This is the docket number for another overtime compensation case, *Hidalgo v. Liu*, in which a different plaintiff in a suit against different defendants was represented by Mr. James Dal Bon, Plaintiffs' counsel in the instant case. That case was terminated on October 29, 2009.

Moreover, the contents of Plaintiffs' 2013 Motion differ materially and inexplicably from Plaintiffs' 2012 Motion. For example, the calculation of attorney's fees in the declaration accompanying Plaintiffs' 2013 Motion is lower than the calculation of attorney's fees in the declaration accompanying Plaintiffs' 2012 Motion. In Plaintiffs' 2013 Motion, the estimate of attorney's fees catalogues $750 for a "Response to Order to Show Cause," although no Order to Show Cause was issued in this case. Neither declaration corresponds to the amount claimed for attorney's fees in the body of either of Plaintiffs' Motions.

2

Finally, Plaintiffs' Motions' allegations of Plaintiffs' hours worked do not correspond to the declarations of the Plaintiffs, and Plaintiffs' Motions' calculations of damages include unexplained averaging and rounding of numbers. Lastly, the only referenced evidence of Plaintiffs' employment, other than their own declarations, is "a true and correct copy of a statement issued by Ms. Su Juan Li in which she acknowledges cash payments." Decl. of Miguel Angel Lopez Santiago, ECF No. 38, Attachment # 2. However, that document has not been submitted to the Court, even though the declaration states that it is attached as "Exhibit A." *Id.* As a result of the above, the Court lacks confidence in the accuracy of the numbers presented in Plaintiffs' Motions, especially in light of the lack of supporting documentation for the substantive allegations.

Plaintiffs' Motions against Defendants Su Juan Li d/b/a Ma's Restaurant; Lavendar Investment, Inc. d/b/a Ma's Restaurant; Yurong Liang d/b/a Ma's Restaurant; and Golden Creek Investment, Inc. are DENIED with leave to amend within 30 days of this Order. In any amended motion, Plaintiffs shall clarify the discrepancies in the previous numbers presented and clearly explain all requested damages and attorney's fees in table form with an identification of the source of each number and the method of each calculation. Plaintiffs shall also file all supporting documentation.

Dated: March 20, 2013

LUCY H. KOH
United States District Judge