1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GABRIEL TELLES and MIGUEL ANGEL LOPEZ SANTIAGO, ) | Case No.: 11-CV-01470-LHK |
| ) | |
| Plaintiffs, ) | ORDER DENYING PLAINTIFFS' MOTIONS FOR DEFAULT JUDGMENT WITHOUT PREJUDICE |
| ) | |
| v. ) | |
| ) | |
| SU JUAN LI d/b/a MA's RESTAURANT; ) | |
| LAVENDER INVESTMENT, INC. d/b/a MA'S ) | |
| RESTAURANT; YURONG LIANG d/b/a MA'S ) | |
| RESTAURANT; GOLDEN CREEK ) | |
| INVESTMENT, INC.; MA'S RESTAURANT, ) | |
| ) | |
| Defendants. ) | |

Plaintiffs Gabriel Telles and Miguel Angel Lopez Santiago (collectively, "Plaintiffs") bring this action against Defendants Su Juan Li d/b/a Ma's Restaurant; Lavendar Investment, Inc. d/b/a Maf's Restaurant; Yurong Liang d/b/a Ma's Restaurant; Golden Creek Investment, Inc.; and Ma's Restaurant (collectively, "Defendants") seeking damages arising from Defendants' failure to pay overtime as required by the Fair Labor Standards Act and the California Labor Code. Plaintiffs allege that Defendants failed to compensate Plaintiffs, who are Defendants' former employees, for overtime wages and failed to provide adequate pay statements.

Plaintiff Telles filed this action on March 25, 2011, against Defendants Su Juan Li and Lavender Investment, Inc. d/b/a Ma's Restaurant. ECF No. 1. On August 12, 2011, Plaintiff Telles amended the complaint to add Plaintiff Miguel Angel Lopez Santiago and Defendants

1

**United States District Court**
For the Northern District of California

1    Yurong Liang; Golden Creek Investment, Inc.; and Ma's Restaurant.  At Plaintiffs' request, default

2    was entered on December 9, 2011, against Defendants Su Juan Li d/b/a Ma's Restaurant; Lavendar

3    Investment, Inc. d/b/a Ma's Restaurant; Yurong Liang d/b/a Ma's Restaurant; and Golden Creek

4    Investment, Inc.  Default was not requested or entered against Ma's Restaurant.

5         On May 23, 2012, Plaintiffs filed a Notice of Motion for Default Judgment and

6    Memorandum of Points and Authorities in Support Thereof against all Defendants ("Plaintiffs'

7    2012 Motion").  ECF No. 34.  This Motion was originally before the Honorable Howard R. Lloyd,

8    and was subsequently transferred to the undersigned judge on May 30, 2012.  On February 27,

9    2013, Defendants filed another Motion for Default Judgment against all Defendants ("Plaintiffs'

10   2013 Motion").  ECF No. 38.  Pursuant to Civil Local Rule 7-1(b), the Court finds Plaintiffs' 2012

11   Motion and Plaintiffs' 2013 Motion (collectively, "Plaintiffs' Motions") appropriate for

12   determination without oral argument.

13        First, although Ma's Restaurant is listed in the case caption as a distinct Defendant, no entry

14   of default has been requested or entered against it.  As a result, Plaintiffs' Motions against Ma's

15   Restaurant are DENIED without prejudice.  Default must be requested and entered against Ma's

16   Restaurant before Plaintiffs may file another motion for default judgment against Ma's Restaurant.

17        Plaintiffs' Motions against the other Defendants are DENIED with leave to amend for the

18   following reasons.  First, Plaintiffs' 2013 Motion is erroneously captioned "C08-05755."  This is

19   the docket number for another overtime compensation case, *Hidalgo v. Liu*, in which a different

20   plaintiff in a suit against different defendants was represented by Mr. James Dal Bon, Plaintiffs'

21   counsel in the instant case.  That case was terminated on October 29, 2009.

22        Moreover, the contents of Plaintiffs' 2013 Motion differ materially and inexplicably from

23   Plaintiffs' 2012 Motion.  For example, the calculation of attorney's fees in the declaration

24   accompanying Plaintiffs' 2013 Motion is lower than the calculation of attorney's fees in the

25   declaration accompanying Plaintiffs' 2012 Motion.  In Plaintiffs' 2013 Motion, the estimate of

26   attorney's fees catalogues $750 for a "Response to Order to Show Cause," although no Order to

27   Show Cause was issued in this case.  Neither declaration corresponds to the amount claimed for

28   attorney's fees in the body of either of Plaintiffs' Motions.

1    Finally, Plaintiffs' Motions' allegations of Plaintiffs' hours worked do not correspond to the

2    declarations of the Plaintiffs, and Plaintiffs' Motions' calculations of damages include unexplained

3    averaging and rounding of numbers.  Lastly, the only referenced evidence of Plaintiffs'

4    employment, other than their own declarations, is "a true and correct copy of a statement issued by

5    Ms. Su Juan Li in which she acknowledges cash payments."  Decl. of Miguel Angel Lopez

6    Santiago, ECF No. 38, Attachment # 2.  However, that document has not been submitted to the

7    Court, even though the declaration states that it is attached as "Exhibit A."  *Id.*  As a result of the

8    above, the Court lacks confidence in the accuracy of the numbers presented in Plaintiffs' Motions,

9    especially in light of the lack of supporting documentation for the substantive allegations.

10    Plaintiffs' Motions against Defendants Su Juan Li d/b/a Ma's Restaurant; Lavendar

11   Investment, Inc. d/b/a Ma's Restaurant; Yurong Liang d/b/a Ma's Restaurant; and Golden Creek

12   Investment, Inc. are DENIED with leave to amend within 30 days of this Order.  In any amended

13   motion, Plaintiffs shall clarify the discrepancies in the previous numbers presented and clearly

14   explain all requested damages and attorney's fees in table form with an identification of the source

15   of each number and the method of each calculation.  Plaintiffs shall also file all supporting

16   documentation.

17

18   Dated: March 20, 2013

19                                                                    LUCY H. KOH
                                                                      United States District Judge
20

*United States District Court*
*For the Northern District of California*

Case No.: 11-CV-01470-LHK
ORDER DENYING PLAINTIFFS' MOTIONS FOR DEFAULT JUDGMENT WITHOUT PREJUDICE